**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | |
|---|---|
| **WESLEY ARCENEAUX, SAMUEL BARNHARDT; ADAM BELLINGER; RAMIRO BERONES; JOSE BENITEZ; ETHAN CALLAHAN; DAMON HODGE; WILLIS HOLMAN; DWAYNE JONES; HERMAN MCCORD; IKE MILLER; RANDY REYNA; LADERRICK STILLS; SUNSHINE THORNTON; WILLIAM VALK; CANDACE WEAVER; AND JOHN YARBROUGH** § § § § § § § § § § § § | **DOCKET NUMBER:** |
| *Plaintiffs* § § | **COMPLAINT** |
| v. § § § | **COLLECTIVE ACTION FOR CLAIMS UNDER FAIR LABOR STANDARDS ACT [29 U.S.C. § 201 ET SEQ.]** |
| **FITNESS CONNECTION OPTION HOLDINGS, LLC; TITAN FITNESS, LLC; TITAN FITNESS HOLDINGS, LLC; TITAN FITNESS-DUBLIN, LLC; TITAN FITNESS-GBC, LLC; TITAN FITNESS-SA, LLC; TITAN FITNESS NC, LLC; AND TITAN FITNESS TEXAS, LLC** § § § § § § § § § § § | **STATE OF TEXAS** |
| *Defendants* | |

**COMPLAINT**

Plaintiffs, **WESLEY ARCENEAUX, SAMUEL BARNHARDT, ADAM BELLINGER, RAMIRO BERRONES, JOSE BENITEZ, ETHAN CALLAHAN, DAMON HODGE, WILLIS HOLMAN, DWAYNE JONES, HERMAN MCCORD, IKE MILLER, RANDY REYNA, LADERRICK STILLS, SUNSHINE THORNTON, WILLIAM VALK, CANDACE WEAVER, AND JOHN YARBROUGH** (collectively "**Plaintiffs**"), on behalf of themselves and all similarly situated as specifically referenced herein, allege as follows:

-1-

## I.   JURISDICTION

1.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343(3) as the controversy arises under the laws of the United States.  Specifically, the claim arises under the Fair Labor Standards Act of 1938, 29 U .S.C. §§ 201 *et seq.* ("FLSA").

## II.   VENUE

2.      Venue is proper pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to this claim occurred in the Houston Division.

3.      Plaintiffs are and/or formerly were General Managers, Assistant General Managers and Fitness Managers (hereinafter collectively "Managers"), and Sales Counselors, Fitness Directors and/or Personal Trainers (hereinafter collectively "Trainers") who have worked unpaid overtime hours for Defendants, **FITNESS CONNECTION OPTION HOLDINGS, LLC; TITAN FITNESS, LLC; TITAN FITNESS HOLDINGS, LLC**; **TITAN FITNESS-DUBLIN, LLC; TITAN FITNESS-GBC, LLC; TITAN FITNESS-SA, LLC; TITAN FITNESS NC, LLC; AND TITAN FITNESS TEXAS, LLC** (hereinafter collectively "**FITNESS CONNECTION**"), in the operation and maintenance of the Defendants' health and fitness clubs.

4.      Plaintiffs have worked for the Defendants and are informed and believe that the Defendants own and operate health and fitness clubs in the States of Texas and North Carolina.

5.      Plaintiffs bring these claims individually and as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), on behalf of Managers and Trainers, none of which positions are exempt from the overtime provisions of the FLSA (hereinafter "FLSA Collective Members").

6.      Plaintiffs allege, on behalf of themselves and all similarly situated Managers and

Trainers, that the Defendants unlawfully classified them as exempt from overtime payments under Federal and State laws and/or failed and refused to pay overtime payments to Plaintiffs and the proposed FLSA Collective Members for all overtime worked, notwithstanding that the Plaintiffs and the proposed FLSA Collective Members are not and were not exempt and are and have been entitled to overtime pay for all overtime worked, and further that the Defendants failed to record and maintain time records of hours worked by the Managers and Trainers as required by law.

7.     Plaintiffs allege that the Defendants' practices violated and continue to violate the FLSA, 29 U.S.C. §§201, 27, *et seq.*  Plaintiffs further allege that the collective action claims are for overtime compensation, punitive damages, liquidated damages,  interest, and attorneys' fees and costs under the FLSA 29 U.S.C. §207 and 216(b).

8.     Plaintiffs allege that the Defendants' acts were in accordance with and represent their official policies or those whose edicts or acts may fairly be said to represent the official policies of the Defendants.

9.     Plaintiffs allege that the Defendants willfully committed, ordered, directed, supervised, allowed, planned, ratified, concealed, organized, or otherwise participated in the unlawful acts complained of herein.

### III.   PARTIES

#### A.   Plaintiffs

10.     Plaintiff, **WESLEY ARCENEAUX, JR.**, is a resident of Spring, Texas, and was employed by FITNESS CONNECTION from on or about April 13, 2015 to on or about May 15, 2016, at a FITNESS CONNECTION located in the State of Texas as an Assistant General Manager. As an Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week

and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

11. Plaintiff, **SAMUEL BARNHARDT**, is a resident of Wilmington, North Carolina, and was employed by FITNESS CONNECTION from on or about March, 2013 to on or about March 2016, at a FITNESS CONNECTION located in the State of North Carolina as a Fitness Manager. As a Fitness Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

12. Plaintiff, **ADAM BELLINGER**, is a resident of Houston, Texas, and was employed by FITNESS CONNECTION from on or about December, 2014 to on or about April, 2015, at a FITNESS CONNECTION located in the State of Texas as a Fitness Manager and District Manager. As a Fitness Manager and District Manager, Plaintiff regularly worked in excess of forty (40) hours

per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

13    Plaintiff, **RAMIRO BERONES**, is a resident of Dallas, Texas, and was employed by FITNESS CONNECTION  from on or about to on or about, at a FITNESS CONNECTION located in the State of Texas as an Assistant General Manager. As an Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

14.    Plaintiff, **JOSE BENITEZ**, is a resident of Dallas, Texas, and was employed by FITNESS CONNECTION  from on or about June 2015 to on or about October 2015, at a FITNESS CONNECTION located in Houston, Texas as an Assistant General Manager. As an Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8)

-5-

hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock.  Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff.  Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

15.    Plaintiff, **ETHAN PETER CALLAHAN**,  is a resident of Raleigh, North Carolina, and is employed by FITNESS CONNECTION starting on or about November 17, 2014 at a FITNESS CONNECTION located in the State of North Carolina as an Assistant General Manager and Fitness Manager.  As an Assistant General Manager and Fitness Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.  Also Plaintiff is asked to clock out for lunch and asked to stay and still work while off the clock.  Plaintiff is regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff.  Plaintiff is also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

16.    Plaintiff, **DAMON HODGE**, is a resident of Irving, Texas, and was employed by FITNESS CONNECTION from on or about March 1, 2015 to on or about September 1, 2015, at a FITNESS CONNECTION located in the State of Texas as a General Manager. As a General

Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff.  Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

17.    Plaintiff, **WILLIS HOLMAN**, is a resident of Fort Worth, Texas, and was employed by FITNESS CONNECTION from on or about August, 2014 to on or about August, 2016, at a FITNESS CONNECTION located in the State of Texas as a Fitness Manager and/or District Fitness Manager. As a  Fitness Manager and/or District Fitness Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock.  Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff.  Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

18.    Plaintiff, **DWAYNE JONES**, is a resident of Spring, Texas, and is employed by FITNESS CONNECTION starting on December 01, 2014 at the FITNESS CONNECTION located

in the Houston, Texas as a General Manager.  As a General Manager, Plaintiff regularly works in excess of forty (40) hours per week and eight (8) hours per day, but fails to receive all minimum wages, including all overtime compensation to which he is entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.   Also Plaintiff is asked to clock out for lunch and asked to stay and still work while off the clock.  Plaintiff is regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff.  Plaintiff is also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

19.    Plaintiff, **HERMAN MCCORD**, is a resident of Grand Prairie, Texas, and was employed by FITNESS CONNECTION from on or about April 1, 2015 to on or about October 16, 2015, at a FITNESS CONNECTION located in the State of Texas as an Assistant General Manager. As an Assistant General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock.  Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff.  Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

20.    Plaintiff, **IKE MILLER**, is a resident of Cary, North Carolina, and was employed by FITNESS CONNECTION from on or about March 10, 2015 to on or about May 31, 2016, at a

FITNESS CONNECTION located in the State of North Carolina  as a General Manager. As a General Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.  Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff.  Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked. Plaintiff was made to work on Saturdays and to call in to work on his days off and regularly clocked in 60 to 65 hours per week.

21.    Plaintiff, **RANDY REYNA**, is a resident of Manvel, Texas, and was employed by FITNESS CONNECTION from on or about January 1, 2016 to on or about June 15, 2016, at a FITNESS CONNECTION located in the State of Texas as a Fitness Manager.  As a Fitness Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff.  Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

22.    Plaintiff, **LADERRICK STILLS**, is a resident of Houston, Texas, and was employed by FITNESS CONNECTION from on or about February 2105 to on or about November 2015, at a

FITNESS CONNECTION located in the State of Texas as a General Manager. As a General Manage, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

23.     Plaintiff, **SUNSHINE THORNTON**, is a resident of Houston, Texas, and is employed by FITNESS CONNECTION starting on or about April, 2014 at the FITNESS CONNECTION located in Houston, Texas as a Fitness Director.  As a Fitness Director, Plaintiff regularly works in excess of forty (40) hours per week and eight (8) hours per day, but fails to receive all minimum wages, including all overtime compensation to which she was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day.  Also Plaintiff is asked to clock out for lunch and asked to stay and still work while off the clock.  Plaintiff is regularly required to have actual hours worked corrected to show she worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff.  Plaintiff is also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

24.     Plaintiff, **WILLIAM VALK**, is a resident of Euless, Texas, and was employed by FITNESS CONNECTION from on or about August, 2013 to on or about June, 2015, at a FITNESS

CONNECTION located in the State of Texas as a Fitness Director. As aa Fitness Director, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which he was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock.  Plaintiff was regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

25.    Plaintiff, **CANDACE WEAVER**, is a resident of Houston, Texas,  and was employed by FITNESS CONNECTION from on or about March, 2015 to on or about November, 2015, at a FITNESS CONNECTION located in the State of Texas as a Fitness Manager. As a Fitness Manager, Plaintiff regularly worked in excess of forty (40) hours per week and eight (8) hours per day, but failed to receive all minimum wages, including all overtime compensation to which she was entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff was asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff was regularly required to have actual hours worked corrected to show she worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff.  Plaintiff was also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

26.    Plaintiff, **JOHN YARBROUGH**, is a resident of Spring, Texas, and is employed by FITNESS CONNECTION starting on or about May 15, 2014 at the FITNESS CONNECTION

located in Houston, Texas as a General Manager and/or Assistant General Manager. As a General Manager and/or Assistant General Manager, Plaintiff regularly works in excess of forty (40) hours per week and eight (8) hours per day, but fails to receive all minimum wages, including all overtime compensation to which he is entitled for the hours worked in excess of forty (40) hours per week and/or eight (8) hours per day. Also Plaintiff is asked to clock out for lunch and asked to stay and still work while off the clock. Plaintiff is regularly required to have actual hours worked corrected to show he worked less hours without signing in or out or any documentation agreeing to the change in actual hours worked by Plaintiff. Plaintiff is also asked to work on non scheduled days while off the clock and not receive any compensation for the hours he actually worked.

### B.    Defendants

27.    Defendant, **FITNESS CONNECTION OPTION HOLDINGS, LLC**, is a foreign Limited Liability Company incorporated in the State of Delaware and whose agent for service of process is National Corporate Research, Ltd., 850 New Burton Road Suite 201, Dover, DE, 19904.

28.    Defendant, **TITAN FITNESS, LLC**, is a domestic Limited Liability Company incorporated in the State of Texas and whose agent for service of process is Steven Josh Hightower, 275 Mitchell Road, Lorena, TX 76655.

29.    Defendant, **TITAN FITNESS-DUBLIN, LLC**, is a domestic Limited Liability Company incorporated in the State of Texas and whose agent for service of process is Steven Josh Hightower, 275 Mitchell Road, Lorena, TX 76655.

30.    Defendant, **TITAN FITNESS-GBC, LLC**, is a domestic Limited Liability Company incorporated in the State of Texas and whose agent for service of process is Steven Josh Hightower, 275 Mitchell Road, Lorena, TX 76655.

-12-

31.     Defendant, **TITAN FITNESS-SA, LLC**, is a domestic Limited Liability Company incorporated in the State of Texas and whose agent for service of process is Steven Josh Hightower, 275 Mitchell Road, Lorena, TX 76655.

32.     Defendant, **TITAN FITNESS NC-CHARLOTTE, LLC**, is a foreign Limited Liability Company incorporated in the State of North Carolina and whose agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701.

33.     Defendant, **TITAN FITNESS HOLDINGS, LLC**, is a foreign Limited Liability Company incorporated in the State of Virginia and whose agent for service of process is A.J. Mushtaq. 8200 Greensboro Dr Ste 900, Mclean, VA 22102.

34.     Defendant, **TITAN FITNESS TEXAS, LLC**, is a foreign Limited Liability Company incorporated in the State of Virginia and whose agent for service of process is Corporation Service Company d/b/a CSC-Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620 Austin, TX 78701.

## IV.    FACTUAL ALLEGATIONS

35.     Plaintiffs allege that at all times hereinafter mentioned, Defendants have been an employer and enterprise engaged in commerce within the meaning of the FLSA.  Defendants have employees engaged in interstate commerce.  Defendants have an annual gross volume of sales made or business done of not less than $500,000.00.  In addition, at all times hereinafter mentioned, Plaintiffs were engaged in commerce as required by 29 U.S.C. §§206-207.

36.     Plaintiffs allege that the Defendants own and operate health and fitness facilities in the State of Texas and the State of Kansas.  Defendants either directly or indirectly hired Plaintiffs;

controlled Plaintiffs' work schedules and conditions of employment; determined the rates and methods of payment of wages; encouraged, prepared or promoted policies and procedures regarding overtime pay; and kept records regarding Plaintiffs' employment.

37.    Plaintiffs are General Mangers, Assistant Managers, and/or Personal Trainers for FITNESS CONNECTION.  Plaintiffs' duties require and/or required them to sell FITNESS CONNECTION membership packages and monitor their sales numbers in connection with monthly sales goals.

38.    Plaintiffs did not: (a) manage an enterprise or a recognized department or subdivision of FITNESS CONNECTION's;  (b)  direct the work of two or more employees; ( c ) have the authority to hire or fire other employees, nor were their suggestions and recommendations concerning hiring, firing, advancement, promotion or any other change of status of other employees given particular weight; (d) perform office or non-manual work directly related to the management or general business operations of FITNESS CONNECTION's or FITNESS CONNECTION's customers; (e) exercise discretion or independent judgment with respect to matters of significance; or (f) customarily or regularly engage away from FITNESS CONNECTION's place or places of business in performing their primary duty.  Moreover, the regular rate of pay of the General Managers, Assistant Managers, and/or Personal Trainers, including Plaintiffs, was not in excess of one and one-half times the applicable minimum hourly rate.  Based on these duties and responsibilities, FITNESS CONNECTION's General Managers, Assistant Managers and/or Personal Trainers are clearly not exempt from the requirements of the FLSA.

39.    As General Managers, Assistant Managers and/or Personal Trainers, Plaintiffs routinely worked in excess of 40 hours per week throughout their employment with FITNESS

CONNECTION.  Specifically, FITNESS CONNECTION's General Managers, Assistant Managers and/or Personal Trainers, including Plaintiffs, worked between 50 and 100 hours per work week, depending on the time of the month and its proximity to the end of FITNESS CONNECTION's monthly sales cycle and/or sales goals.

40.    FITNESS CONNECTION's routinely required its General Managers, Assistant Managers and/or Personal Trainers to clock out and continue to work off of the clock and/or to falsify their time records to erroneously reflect that the General Managers, Assistant Managers and/or Personal Trainers worked less than they actually did.  Defendants also required General Managers, Assistant Managers and/or Personal Trainers to work off of the clock or sign false time cards which was and is a common policy or scheme encouraged by the Defendants.  The Defendants either knew or should have known that its General Managers, Assistant Managers and/or Personal Trainers were and still are working off the clock and not being paid appropriate overtime rates.  As a result of the Defendants' unlawful compensation policy/scheme, it wrongfully denied General Managers, Assistant Managers and/or Personal Trainers of hundreds of thousands of dollars of statutory-required overtime.

41.    FITNESS CONNECTION's acts violate the FLSA, which prohibits the denial of payment of minimum wage for all hours worked and prohibits the denial of overtime compensation for hours worked in excess of forty per work week.  As described above, the Defendants' willfully violated Plaintiffs' right to minimum wage and overtime compensation guaranteed under the FLSA.

**V.    COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA**

42.    Plaintiffs bring their Claim for Relief for Violation of the FLSA as an "opt-in" collective action pursuant to Section 16(b) of the FLSA (29 U.S.C. § 216(b)), on behalf of all person

who were, are, or will be employed by Defendant, FITNESS CONNECTION, as General Managers, Assistant General Managers, and Personal Trainers throughout the United States, at any time within the applicable statute of limitations period, who have not been compensated for all minimum wages and at one and one-half the regular rate of pay for all work performed in excess of forty (40) hours per week.

43.     Questions of law and fact common to the FLSA Collective Members as a whole include, but are not limited to, the following:

a.     Whether FITNESS CONNECTION unlawfully failed and continues to fail to pay minimum wages and overtime compensation in violation of the FLSA; 29 U.S.C. §§201, et seq.

b.     Whether FITNESS CONNECTION's failure to pay overtime to its non-exempt FLSA Collective Plaintiffs was willful within the meaning of the FLSA;

c.     Whether FITNESS CONNECTION failed and continues to fail to maintain accurate records of actual time worked by the FLSA Collective Members and prospective FLSA Collective Members;

d.     Whether FITNESS CONNECTION failed and continues to fail to record or report all time worked by the FLSA Collective Plaintiffs and prospective FLSA Collective Members.

e.     Whether FITNESS CONNECTION failed and continues to fail to provide accurate wage statements itemizing all actual time worked and wages earned by the FLSA Collective Plaintiffs and prospective FLSA Collective Members.

44.     Plaintiffs and FLSA Collective Members are similarly situated, have substantially similar job requirements and pay provisions, and are subject to the Defendants' common practice,

policy or plan of refusing to pay overtime in violation of the FLSA and unlawfully characterizing

certain FLSA Collective Plaintiffs and FLSA Collective Members as exempt employees.

45.     Plaintiff's Claims for Relief for violations of the FLSA may be brought and

maintained as an "opt-in" collective action pursuant to Section 16(b) of the FLSA, for all claims

asserted by the Plaintiffs and the FLSA Collective Members (FLSA claims), because the claims of

the Plaintiffs are similar to the claims of the members of the prospective FLSA Collective Members.

46.     While the exact number of FLSA Collective Members is unknown to Plaintiffs at the

present time, based on information and belief, there are more than 500 such persons. Thus, a

collective  action is the most efficient mechanism for resolution of the FLSA Collective Members'

claims.

47.     The FLSA Collective Members, on behalf of whom Plaintiffs bring this "opt-in"

collective action, are similarly situated because they have been or are employed in the same or

similar position as individually-named Plaintiffs and were subject to the same or similar unlawful

practices as the individually-named Plaintiffs, as described above.  The number and identity of other

Plaintiffs yet to opt-in and consent to be a Plaintiff may be determined from the records of FITNESS

CONNECTION, and  potential Plaintiffs may be notified of the pendency of this action utilizing the

payroll records of FITNESS CONNECTION.  At all times during the FLSA Collective Period, all

of the FLSA Collective Members were employed in the same or similar job as the Plaintiffs and were

paid in the same manner and under the same standard employment procedures and practices as the

Plaintiffs.

48.     During the FLSA Collective Period, Defendants were fully aware that the primary

duties of  Plaintiffs and the FLSA Collective Members were inconsistent with exempt status, and

that the FLSA Collective Members were and are not exempt from the overtime provisions of the FLSA.

49.     The Defendants' violations of   29 U.S.C. §207(a) were repeated, willful and intentional.

50.     The Plaintiffs and the FLSA Collective Members have been damaged by said violations of 29 U.S.C. §207(a).

51.     Pursuant to 29 U.S.C. §207(a) and §216(b), Defendants are liable to the Plaintiffs and the FLSA Collective Members for the full amount of all their unpaid wages, including, overtime compensation, plus an additional equal amount as liquidated damages, plus the attorneys fees and costs of the Plaintiffs and FLSA Collective Members who affirmatively "opt-in" to this collective action.

52.     In addition, an action under 29 U.S.C. §216(b) is superior to other available methods for the fair and efficient adjudication of this controversy since the damages suffered by individual members of the FLSA Collective Action may be relatively small, and the expense and burden of individual trials would make it impossible for such FLSA Collective Members to individually redress the wrongs done to them.

53.     Moreover, because of the similarity of the FLSA Collective Members' claims, individual actions would present the risk of inconsistent adjudications subjecting both employees and Defendants to incompatible standards of conduct.

54.     Plaintiffs are currently unaware of the identities of all the FLSA Collective Members. Accordingly, Defendants should be required to provide to Plaintiffs a list of all persons employed by Defendants as General Managers, Assistant General Managers, and Personal Trainers.

## V.   CAUSES OF ACTION

### FLSA CLAIM FOR RELIEF

**[Against Defendant FITNESS CONNECTION]**
**(FLSA Claims, 29 U.S.C. §§201, *et seq.,***
**Brought by All Plaintiffs on Behalf of Themselves and All FLSA Collective Members)**

55.    Plaintiffs re-allege and incorporate by reference herein each and every allegation set forth in the preceding paragraphs

56.    At all relevant times, FITNESS CONNECTION has been, and continues to be, an "employer" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. §203. At all relevant times, FITNESS CONNECTION has employed, and continues to employ "employee[s]," including the Plaintiffs and each of the FLSA Collective Members.

57.    Defendants operate and at all times during the liability period has operated health and fitness clubs in the States of Texas and Kansas.

58.    Each of the named Plaintiffs consent to sue in this action pursuant to section 16(b) of the FLSA, 29 U.S.C. §216(b).  Additional potential FLSA Collective Members may execute and file forms consenting to "opt in" and joining as Plaintiffs in this collective action.

59.    The FLSA requires each covered employer, such as the Defendants to compensate each of its non-exempt employees at a rate of not less than one and one-half the regular rate of pay for work performed in excess of forty (40) hours in a work week.

60.    The Defendants have employed and continue to employ numerous General Managers, Assistant General Managers, and Personal Trainers, including Plaintiffs, to operate their health and fitness clubs.

61.    Plaintiffs and FLSA Collective Members are not exempt from the right to receive

minimum wages and overtime pay under the FLSA and are not exempt from the requirement that the Defendants pay them overtime compensation under the FLSA.  The FLSA Plaintiffs and FLSA Collective Members are entitled to be paid overtime compensation for all overtime hours worked.

62.    At all relevant times, the Defendants had a policy and practice of failing and refusing to pay both minimum wages and overtime pay to its General Managers, Assistant General Managers, and Personal Trainers for their hours worked in excess of forty (40) hours per week.  The Defendants' policy included the failure to provide and/or calculate and/or maintain records of any overtime pay for all overtime hours actually worked according to Federal and State law.

63.    As a result of the Defendants' failure to compensate its General Managers, Assistant General Managers, and Personal Trainers, including the Plaintiffs and FLSA Collective Members, for all minimum wages for hours worked and overtime wages for work performed in excess of 40 hours in a work week, the Defendants has violated and continues to violate, the FLSA, including 29 U.S.C. §§207(a)(l) and 215(a).

64.    As a result of the Defendants' failure to record, report, credit, and/or compensate its General Managers, Assistant General Managers, and Personal Trainers , including Plaintiffs and FLSA Collective Members, the Defendants has failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, including 29 U.S.C. §§2ll© and 215(a).

65.    The foregoing conduct, as alleged, constitute a willful violation of the FLSA within the meaning of 29 U.S.C. §255(a).

66.    Plaintiffs, on behalf of themselves and FLSA Collective Members, seek damages in the amount of their respective unpaid overtime compensation, plus liquidated damages, as provided

-20-

by the FLSA, 19 U.S.C. §216(b), and such other legal and equitable relief as the Court deems just and proper.

67. Plaintiffs, on behalf of themselves and FLSA Collective Members, seek recovery of their attorneys' fees and costs of bringing this action to be paid for by the Defendants as provided by the FLSA, 29 U.S.C. §216(b).

## VII.   DEMAND FOR JURY TRIAL

68. Plaintiffs hereby demand a jury trial on all causes of action allowed by law.

## VIII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, **WESLEY ARCENEAUX, SAMUEL BARNHARDT, ADAM BELLINGER, RAMIRO BERONES, JOSE BENITEZ, ETHAN CALLAHAN, DAMON HODGE, WILLIS HOLMAN, DWAYNE JONES, HERMAN MCCORD, IKE MILLER, RANDY REYNA, LADERRICK STILLS, SUNSHINE THORNTON, WILLIAM VALK, CANDACE WEAVER, AND JOHN YARBROUGH**, on behalf of themselves and all members similarly situated pray for relief as follows:

A. Designation of this action as a collective action on behalf of the proposed FLSA Collective Members asserting FLSA claims, and prompt issuance of notice pursuant to 29 U.S.C. §2 1 6(b) to all similarly situated members of the FLSA Opt-In action, apprizing them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. §216(b), and a tolling of the statute of limitations on the FLSA Collective Members' claims until the FLSA Collective Members are provided with reasonable notice of the pendency of this action and a fair opportunity to exercise their right to Opt-in as Plaintiffs;

B.     Designation of Plaintiffs, **WESLEY ARCENEAUX, SAMUEL BARNHARDT, ADAM BELLINGER, RAMIRO BERONES, JOSE BENITEZ, ETHAN CALLAHAN, DAMON HODGE, WILLIS HOLMAN, DWAYNE JONES, HERMAN MCCORD, IKE MILLER, RANDY REYNA, LADERRICK STILLS, SUNSHINE THORNTON, WILLIAM VALK, CANDACE WEAVER, AND JOHN YARBROUGH**, as representatives of the FLSA Collective Members;

C.     A declaratory judgment that the practices complained of herein are unlawful under the Fair Labor Standards Act, 29 U.S.C §§201, et seq.;

D.     An injunction against FITNESS CONNECTION and its officers, agents, successors, employees,  representatives, and any and all persons acting in concert with it, as provided by law, from engaging in each of the unlawful practices, policies and patterns set forth herein;

E.     An award of damages, including liquidated and exemplary damages and waiting time penalties and other statutory penalties to be paid by FITNESS CONNECTION;

F.     Costs of action incurred herein, including reasonable attorneys' fees, expert fees and litigation expenses;

G.     Pre-Judgment and post-Judgment interest, as provided by law;

H.     Any and all other and further legal and equitable relief as this Court deems necessary, just and proper; and

I.     Plaintiffs pray for a jury trial on all causes of action allowed by law.

`

RESPECTFULLY SUBMITTED:

BY: /s/ *Richard C. Dalton*
Richard C. Dalton
Texas Bar No. 24033539
Louisiana Bar No. 23017
California Bar No. 268598
1343 West Causeway Approach
Mandeville, Louisiana 70471
E-mail: rdalton746@aol.com
Tel. (985) 778-2215
Fax: (985) 778-2233

ATTORNEY FOR PLAINTIFFS

-23-